UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANCES RINGO and ALVIN RINGO,<br><br>   Plaintiffs<br><br>v.<br><br>WAL-MART, INC.; MIRIAMAWIT SHIMELIS,<br><br>   Defendants | Case No.: 2:23-cv-00622-APG-DJA<br><br>**Order Granting Motion to Remand**<br><br>[ECF No. 24] |

Frances and Alvin Ringo move to remand this case to state court because this court lacks subject matter jurisdiction. ECF No. 24.  Specifically, the Ringos contend that since Miriamawit Shimelis, a Nevada citizen, was added as a defendant, there is no longer complete diversity between them and the defendants.  The defendants respond that Shimelis was fraudulently joined so her citizenship must be ignored.  The defendants argue that Shimelis was acting within the scope of her employment with Wal-Mart at the time she struck Frances Ringo with a cart.  Wal-Mart is therefore vicariously liable for Shimelis' actions so the Ringos cannot assert a claim against Shimelis. ECF No. 26 at 4.

"[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a possibility that a state court would find that the complaint states a cause of action against any of the non-diverse defendants." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018).  The Ringos allege that Shimelis was negligent for her "failure to operate a stocking cart in a reasonable and prudent manner," which caused injury to Ms. Ringo. ECF No. 20 at 3.  It is possible for Shimelis to be personally liable to the Ringos for the injury she caused.  Even though Wal-Mart is vicariously liable for her actions, that does not

preclude the Ringos from suing Shimelis.  "Whether the employer is held vicariously liable for the agent's conduct, however, does not affect the agent's independent tort liability." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 765 (7th Cir. 2009).  Because it is possible for the Ringos to assert a valid claim against Shimelis, Shimelis was not fraudulently joined to this case.  Thus, complete diversity between the plaintiffs and the defendants is lacking, so I must remand this case to state court.

      I THEREFORE ORDER that the plaintiffs' motion to remand **(ECF No. 24) is granted**.  This case is remanded to the state court from which it was removed.  The clerk of the court is directed to close this file.

      DATED this 27th day of December, 2023.

                                                ANDREW P. GORDON
                                                UNITED STATES DISTRICT JUDGE